**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DIRECTED TO THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION | Misc. Action No. 26 - 83 (LLA) |

# MEMORANDUM OPINION

Petitioners Corey Hardin and Chase Williams, co-lead plaintiffs in a putative securities class action brought in the U.S. District Court for the Southern District of New York, seek to enforce a subpoena served on Respondent U.S. Securities and Exchange Commission ("SEC") in the underlying action. ECF No. 1; *see* Am. Compl., *Clifford v. Tron Found.*, No. 20-CV-2804 (S.D.N.Y. Aug. 24, 2020), ECF No. 29.[1] The subpoena seeks documents in connection with interpretive guidance the SEC issued in 2026 and an SEC enforcement action against Justin Sun and the TRON Foundation ("Movants"), two defendants in the underlying action. *See* ECF No. 1-1, at 4-17.[2] Movants have filed a motion to intervene under Federal Rule of Civil Procedure 24, ECF No. 8, and a motion to transfer Petitioners' motion to compel to the issuing court under Rule 45(f), ECF No. 9. For the reasons explained below, the court will grant both motions and transfer Petitioners' motion to compel to the Southern District of New York.

---

[1] The parties refer to this case as *Hardin v. Tron Foundation* throughout their materials, which reflects Mr. Hardin's status as the first co-lead plaintiff in the action. *See* Order, *Clifford*, No. 20-CV-2804 (S.D.N.Y. June 30, 2020), ECF No. 25. To conform with the docket in the Southern District of New York, the court will refer to the case as *Clifford* throughout this opinion.

[2] When citing ECF Nos. 1-1 and 9-2, the court refers to the CM/ECF-generated numbers at the top of each page rather than any internal pagination.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2020, Petitioners filed a putative class action in the Southern District of New York, alleging that Movants and a third defendant promoted, offered, and sold TRX, a type of digital token, in violation of the Securities Act of 1933, 15 U.S.C. § 77a, *et seq.*, and various state laws. *See* ECF No. 1-1, at 19-227; Am. Compl. ¶¶ 164-1038, *Clifford*, No. 20-CV-2804 (S.D.N.Y. Aug. 24, 2020), ECF No. 29. In late March 2026, Petitioners served the SEC with a subpoena seeking documents relating to interpretive guidance it had issued earlier that month, the SEC's consideration of TRX in connection with that guidance, the SEC's meetings and communications with Movants, and a prior SEC enforcement action against Movants. ECF No. 1-1, at 15-17. The SEC did not respond to the subpoena, and Movants filed a motion to quash it under Rule 45(d)(3) in the Southern District of New York. *See* Mot. to Quash, *Clifford*, No. 20-CV-2804 (S.D.N.Y. Apr. 14, 2026), ECF No. 201. After briefing and a discovery conference, that court denied Movants' motion to quash without prejudice, explaining that Movants were required to bring the motion in the District of Columbia pursuant to Rules 45(c) and (d)(3). Order, *Clifford*, No. 20-CV-2804 (S.D.N.Y. Apr. 28, 2026), ECF No. 211.

The following month, Petitioners filed a motion in this court to compel the SEC to comply with the subpoena. ECF No. 1. Movants subsequently moved to intervene under Rule 24 and to transfer Petitioners' motion to the Southern District of New York under Rule 45(f). ECF Nos. 8, 9. The court thereafter granted the SEC's motion—which Petitioners had opposed—for an extension of time to respond to Petitioners' motion to compel until seven days after the court's resolution of Movants' pending motions. June 8, 2026 Minute Order; *see* ECF Nos. 5, 6.

Petitioners take no position on Movants' motion to intervene "to the extent the Court believes that intervention would be helpful to it in resolving [the] Motion to Compel," and the SEC

does not oppose intervention. ECF No. 8-1, at 2. Petitioners oppose Movants' motion to transfer, ECF No. 12, but the SEC consents to a transfer, *see* ECF No. 9-1, at 1.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 24

Federal Rule of Civil Procedure 24 provides that, "[o]n timely motion," the court "must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). To qualify for intervention as of right, the movant, including a defendant-intervenor, must demonstrate Article III standing and satisfy Rule 24(a)'s four requirements: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008) (quoting *Sec. & Exch. Comm'n v. Prudential Sec. Inc.*, 136 F.3d 153, 156 (D.C. Cir. 1998)); *see Crossroads Grassroots Pol'y Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 316 (D.C. Cir. 2015).[3]

[3] The D.C. Circuit has noted some "tension" between its prior "precedent requiring an intervenor to demonstrate Article III standing even if pursuing the same relief as an existing party" and the Supreme Court's holding in *Little Sisters of the Poor Saint Peter & Paul Home v. Pennsylvania*, 591 U.S. 657, 674 n.6 (2020). *Inst. S'holder Servs., Inc. v. Sec. & Exch. Comm'n*, 142 F.4th 757, 764 n.3 (D.C. Cir. 2025). The court need not wade into that conflict because Movants seek different relief than the parties to this case. *Compare* ECF No. 9 (requesting to transfer the case), *with* ECF No. 1 (Petitioners' motion to compel compliance with the subpoena), *and* ECF No. 5 at 2-3 (Respondent's statement of its intent to oppose compliance here and in the Southern District of New York).

### B. Federal Rule of Civil Procedure 45

Under Rule 45, a subpoena to produce materials, permit inspection of materials, or submit to a deposition "must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). Motions to compel compliance with a subpoena must be filed, in the first instance, in "the district where compliance is required." *Id.* R. 45(d)(2)(B)(i). Rule 45(f) allows the court where compliance is required to transfer subpoena-related motions to the issuing court "if the person subject to the subpoena consents or if the court finds exceptional circumstances."

## III. DISCUSSION

### A. Intervention

The court concludes that Movants are entitled to intervene as of right. First, they have Article III standing. Article III standing is comprised of three elements: "(1) the plaintiff must have suffered an 'injury in fact' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical'; (2) there must exist 'a causal connection between the injury and the conduct complained of'; and (3) it must be 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Friends of Animals v. Jewell*, 828 F.3d 989, 991-92 (D.C. Cir. 2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). "A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege, propriety interest, or personal interest in the subpoenaed matter." *W. Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 16 (D.D.C. 2011) (quoting *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 21 (D.D.C. 2005)). Here, Movants allege that the subpoena "target[s] [their] business and personal records, financial information, crypto-asset account information, . . . and communications that the SEC obtained" in its investigation of and enforcement action against them. ECF No. 8-1, at 8. For example, the subpoena seeks "[a]ll Documents produced or provided

to [the SEC] by any Person in connection with or in relation to the SEC [enforcement] Action . . . concerning [Movants'] efforts to promote TRX as an investment or whether TRX is, or at any point was, a security." ECF No. 1-1, at 17. Movants also assert that the subpoena implicates documents protected by their attorney-client privilege and work-product protections, as the SEC likely collected information from former TRON Foundation employees that may be privileged. ECF No. 8-1, at 8-9; *see Petruss Media Grp., LLC v. Advantage Sales & Mktg. LLC*, 347 F.R.D. 39, 42-44 (D.D.C. 2024) (concluding that individuals whose banking records were subpoenaed had standing to move to quash a subpoena served on a non-party financial institution); *Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.*, 650 F. Supp. 3d 199, 202 (S.D.N.Y. 2023) (noting that "'it is well-established' that an individual or entity with a 'real interest' in documents sought by a subpoena 'has standing to raise objections to their production'" (quoting *Solow v. Conseco, Inc.*, No. 06-CV-5988, 2008 WL 190340, at *3 (S.D.N.Y. Jan. 18, 2008))); *cf. Nova Oculus Partners, LLC v. U.S. Sec. & Exch. Comm'n*, 486 F. Supp. 3d 280, 289 (D.D.C. 2020) (finding that "individuals involved in [an] SEC[] investigation . . . have substantial privacy interests" in investigative records for purposes of the Freedom of Information Act). The court agrees that Movants have privacy, proprietary, and personal interests in the subpoenaed matter sufficient to establish standing to intervene.

Movants also satisfy the Rule 24(a) factors, which are not contested by Petitioners or the SEC. The motion is timely as it was filed one week after Movants were served, and no party claims any prejudice. *See* ECF Nos. 2, 8. As explained, Movants also have legally protected interests that this action would impair or impede if Petitioners' motion to compel is granted for the same reasons Movants have standing. *See Waterkeeper All., Inc. v. Wheeler*, 330 F.R.D. 1, 6 (D.D.C. 2018) ("[G]enerally speaking, when a putative intervenor has a 'legally protected' interest

under Rule 24(a), it will also meet constitutional standing requirements, and *vice versa*." (quoting *Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 13 n.5 (D.D.C. 2010))). While the court need not decide whether Movants' asserted privacy and confidentiality interests ultimately justify any particular merits ruling on the enforcement of the subpoena, those interests certainly suffice for purposes of intervention. *Cf. Albany Molecular Rsch., Inc. v. Schloemer*, 274 F.R.D. 22, 25 (D.D.C. 2011) ("[A] party to the underlying action may move to quash the subpoena where the subpoena directly implicates the party's privilege or rights."). Finally, Movants have met their "minimal" burden of showing that the existing parties "may be inadequate" in representing their interests. *Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003) (internal quotation marks omitted) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). The D.C. Circuit has "often concluded that governmental entities"—like the SEC here—"do not adequately represent the interests of aspiring intervenors." *Id.* at 736. And, of course, only Movants have standing to raise objections based on their own privacy interests and claims of privilege. *See* ECF No. 8-1, at 11. The court will accordingly grant Movants' motion to intervene as of right under Rule 24(a).[4]

**B. Transfer**

Petitioners argue that the SEC's consent does not require this court to transfer their motion and that no exceptional circumstances warrant a transfer. ECF No. 12, at 4-12. Petitioners also argue that a transfer would prejudice them by further delaying class certification discovery and briefing and by requiring them to brief their motion again under Second Circuit law. *Id.* at 13-14.

---

[4] Because the court finds that Movants may intervene as of right, it need not reach their arguments for permissive intervention under Rule 24(b)(1)(B). *See, e.g.*, *Virginia v. Ferriero*, 466 F. Supp. 3d 253, 255 (D.D.C. 2020).

The court concludes that both the SEC's consent and exceptional circumstances warrant transferring Petitioners' motion to compel to the issuing court in the Southern District of New York and that Petitioners' arguments about prejudice do not defeat Movants' request to transfer.

First, the SEC, the recipient of the subpoena, consents to a transfer to the issuing court. ECF No. 9-1, at 1. While Petitioners correctly note that consent "does not automatically require transfer," ECF No. 12, at 4, the SEC's consent is nevertheless a sufficient basis for this court to grant Movants' motion to transfer, *see In re Info. Tech. Mgmt. Servs. Inc.*, No. 24-MC-152, 2025 WL 27156, at *3 (D.D.C. Jan. 3, 2025).[5]

Exceptional circumstances also warrant a transfer. "Courts in this district have found exceptional circumstances 'when transferring the matter is in the interests of judicial economy and avoiding inconsistent results.'" *Paul Johnson Drywall, Inc. v. CAC Constr. Grp. LLC*, No. 23-MC-16, 2023 WL 12248633, at *1 (D.D.C. Mar. 21, 2023) (quoting *Wultz v. Bank of China, Ltd*, 304 F.R.D. 38, 46 (D.D.C. 2014)). When weighing a transfer, courts must "carefully balance the interest of the nonparty in obtaining local resolution of [a subpoena-related] motion against the interest in ensuring the efficient, fair and orderly progress of ongoing litigation before the issuing court." *In re Braden*, 344 F. Supp. 3d 83, 90 (D.D.C. 2018) (alterations in original) (internal quotation marks omitted).

Here, the issuing court is best positioned to address Petitioners' motion to compel. Petitioners' motion concerns the relevance of the subpoenaed material to class certification in the

---

[5] Petitioners argue that the court in *In re Information Technology Management Services Inc.* assessed "what was justified *in that particular case*." ECF No. 12, at 5-6; *see* 2025 WL 27156, at *3. While that court found that exceptional circumstances also warranted a transfer, it noted that, as here, the subpoena recipient's "express[] consent . . . alone justifie[d] transfer." *In re Info. Tech. Mgmt. Servs. Inc.*, 2025 WL 27156, at *3.

underlying action. *See* ECF No. 1-2, at 8-11 (arguing that the subpoena "seeks highly relevant information"); ECF No. 12, at 6-8 (arguing that "the relevance of the subpoenaed materials [are] beyond dispute"). Courts in this district "have recognized that, where questions regarding the relevance of subpoenaed material are likely to arise, the issuing court is generally in a better position to rule on those issues because of its greater familiarity with the underlying case." *Iyer v. Nexus Pharm., Inc.*, No. 23-MC-8, 2023 WL 3040604, at *8 (D.D.C. Apr. 21, 2023). The issuing court has presided over pretrial matters in this case since February 2025, including the bifurcation of class certification and merits discovery. Order, *Clifford*, No. 20-CV-2804 (S.D.N.Y. Feb. 24, 2025), ECF No. 137 (referring case to magistrate judge); Order, *Clifford*, No. 20-CV-2804 (S.D.N.Y. Apr. 15, 2025), ECF No. 156 (bifurcating class certification and fact discovery). That court is thus better suited than this one to rule on Petitioners' motion given its "familiarity with the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation." *Wultz*, 304 F.R.D. at 46; *see In re Braden*, 344 F. Supp. 3d at 93 ("Plaintiffs' motions to compel would require this Court to evaluate the relevance of the documents sought; an evaluation that the Southern District of Ohio is far more capable of making within the short discovery window.").

Additionally, the issuing court has already resolved discovery disputes in the underlying action, has established procedures for expedited resolution of such disputes, and has closely overseen the parties' discovery and briefing schedules. *See, e.g.*, Order, *Clifford*, No. 20-CV-2804 (S.D.N.Y. June 16, 2026), ECF No. 223 (denying Petitioners' motion to compel); ECF No. 13, at 11 & n.5 (citing the issuing court's rules). That court also recently docketed a new case management plan, which extended the briefing schedule for class certification. Order, *Clifford*, No. 20-CV-2804 (S.D.N.Y. Aug. 12, 2026), ECF No. 236. Transfer is thus appropriate because it

"would avoid [further] interference with a time-sensitive discovery schedule issued in the underlying action." *Duck v. U.S. Sec. & Exch. Comm'n*, 317 F.R.D. 321, 325 (D.D.C. 2016); *see* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("[T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts.").

Petitioners assert that a transfer would cause prejudicial delay. ECF No. 12, at 4-5. The court acknowledges that the issuing court previously denied a motion related to this subpoena because the motion should have been filed in this court. Order, *Clifford*, No. 20-CV-2804 (S.D.N.Y. Apr. 28, 2026), ECF No. 211. But the court is not persuaded that Petitioners would be unduly prejudiced by having to re-brief their motion to compel under Second Circuit precedent, ECF No. 12, at 13-14, given that they have already briefed some of these issues in the underlying action, *see* Resp., *Clifford*, No. 20-CV-2804 (S.D.N.Y. Apr. 17, 2026), ECF No. 202 (opposition to Movants' motion to quash the subpoena). While Petitioners argue that the court should not reward Movants' "procedural maneuvering[]," ECF No. 12, at 4, the issuing court itself acknowledged that this court has the option to transfer the motion, *see* ECF No. 9-2, at 50 ("If there's a motion to [enforce], it should be pursued down in D.C. . . . But it may be that the Court down there would send it back to me because this is the Court where the action is proceeding, and they certainly have that option.").

## IV. CONCLUSION

For the foregoing reasons, the court will grant Movants' Motion to Intervene, ECF No. 8, and Motion to Transfer, ECF No. 9. A contemporaneous order will issue.

**SO ORDERED.**

LOREN L. ALIKHAN
United States District Judge

Date: August 27, 2026